Lucas et al. v. Smith et al., 201 Ill. App. 273.

STERLING & WHITMORE, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

WATERS AND WATER COURSES, § 22*—*when construction of dikes may be enjoined by upper riparian owner.* Where a ditch across a lower proprietor's land had served to drain the land of an upper proprietor for over twenty years, *held* that the latter could enjoin the former from building and maintaining dikes constructed within twenty years along the bank of the ditch so as to prevent waters therefrom from overflowing his land, it appearing that the dikes caused the water to back up on the upper proprietor's land, owing to the insufficiency of the ditch to take care of the entire flow, since the upper proprietor had the right to have such excess water as the ditch could not take care of, flow over the lower proprietor's land, as it had done before any artificial construction had been made.

George H. Lucas and Elizabeth Schleder, Appellees, v. O. A. Smith and Bettye Smith, Appellants.

(Not to be reported in full.)

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

### Statement of the Case.

In foreclosure proceedings by George H. Lucas and Elizabeth Schleder, complainants, against O. A. Smith and Bettye Smith, defendants, Elizabeth Schleder applied for and obtained a writ of assistance against O. A. Smith for possession of land purchased by the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

petitioner at the foreclosure sale. From such order, the defendants appeal.

The decree of foreclosure provided, in substance, that defendants should pay to complainants, the holders of the mortgage foreclosed, the amount found due by a day fixed; that in default thereof the premises be sold; that at the expiration of the time of redemption the master should execute and deliver to the purchaser a deed for the premises sold; and that upon the delivery of such deed the holders thereof should be let into possession of the premises so conveyed. The record showed that the premises were sold and were purchased by petitioner; that after the time of redemption expired, the master executed and delivered to her a deed for the same, but that defendants did not deliver up possession of the same to her; that petitioner then caused a copy of the order confirming the master's report of sale, and a copy of the master's deed to be served on defendant O. A. Smith, and thereupon demanded possession of the premises, which he still refused to surrender.

O. A. SMITH, for appellants.

G. W. CUNNINGHAM, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. ASSISTANCE, WRIT OF, § 1*—*when appropriate process.* A writ of assistance is an appropriate process to be issued from a court of chancery to place the purchaser of mortgaged premises under a foreclosure sale in possession after the master's deed has been delivered to such purchaser, and the time for redemption has expired.

2. ASSISTANCE, WRIT OF, § 13*—*when purchaser at foreclosure*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*sale entitled to.* Where, after the expiration of the period of redemption of land sold on foreclosure, the master executed and delivered a deed thereto to the purchaser, who, on failure of the defendants to deliver the possession of the premises, filed a copy of the order confirming the master's report and sale and caused a copy of the master's deed to be served on the defendants and demanded possession of the premises, *held* that such purchaser had complied with all the requirements of law and terms of the decree and was entitled to a writ of assistance to obtain possession of the property.

3. ASSISTANCE, WRIT OF, § 6*—*when incident of foreclosure proceedings.* A writ of assistance for possession of property, purchased on a foreclosure sale, after the expiration of the period of redemption is not a new suit but is an incident of the foreclosure proceedings.

4. ASSISTANCE, WRIT OF—*what may not be tried on application for.* The title to property cannot be tried on an application for a writ of assistance, as only the right of possession is involved.

5. ASSISTANCE, WRIT OF—*when no advantage may be taken of filing of sworn answer.* When no answer is necessary to a petition for a writ of assistance or when the answer under oath is waived, no advantage can be taken by filing a sworn answer.

6. ASSISTANCE, WRIT OF—*when no advantage may be taken of absence of replication.* Where an answer to a petition for a writ of assistance is necessary and one is filed, if the matter is submitted for hearing without a replication and without objection, no advantage can thereafter be taken of the absence of it.